UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | LA CV 24-cv-04749 AB<br>Bkcy Case No. 9:23-bk-10061-RC | Date: | September 3, 2025 |
|---|---|---|---|

| Title: | *In re: South Bay Property Homes, LLC* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER RE APPELLANT LEWIS R. LANDAU'S APPEAL FROM UNITED STATES BANKRUPTCY COURT [1, 9]

## I.
## INTRODUCTION

This matter is before the Court on Appellant Lewis R. Landau's ("Appellant" or "Plaintiff" or "Landau") bankruptcy appeal ("Appeal") from the United States Bankruptcy Court. [Doc. Nos. 1, 9.] The Appeal is opposed by South Bay Property Homes, LLC ("Appellee or "Defendant" or "South Bay" or "SBP" or "Debtor"). [Doc. No. 10.] The Court has considered the papers filed in support of and in opposition to the Appeal, and deems this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the decision of the Bankruptcy Court is **AFFIRMED**.

## II.
## FACTUAL BACKGROUND

The facts of this Appeal mirror those of the Appellant's related appeal of the Bankruptcy Court's decision to disallow the Appellant's claim. (*See* In re South Bay Property Homes, LLC, Case No. 2:24-cv-01428-AB appeal from Bankruptcy Case No. 9:23-bk-10061-RC)[1] ("Related Appeal").

The Court incorporates the facts from the Order in the Related Appeal, decided by this Court on May 5, 2025, by reference. [Related Appeal Doc. No. 18 at 2-4.] Further, the Court takes judicial notice of the Appellant's Appendix in the Related Appeal pursuant to Federal Rule of Evidence 201.[2] [Doc. No. 9-2.]

## III.
## RELEVANT PROCEDURAL BACKGROUND

On March 19, 2024, the Appellee moved to dismiss its Chapter 11 bankruptcy case while the Related Appeal was pending. *See* Appellee's Responsive Brief ("ARB") at 6, [Doc. No. 10] citing Appellant's Excerpts of Record ("ER") at AA:007-18, [Doc. No. 9-1]; *see also* Appellant's Opening Brief ("AOB") at 7, [Doc. No. 9]. On March 26, 2024, the Appellant opposed the dismissal motion on the basis that the Bankruptcy Court lacked jurisdiction to dismiss the bankruptcy case under the doctrine of exclusive appellate jurisdiction. AOB at 7 citing ER at AA:019-40; *see also* ARB at 6. On May 21, 2024, the

---

[1] On January 20, 2023, South Bay filed a voluntary petition for bankruptcy relief pursuant to Chapter 11 of the United States Bankruptcy Code initiating the underlying bankruptcy case in the Related Appeal, Bankruptcy Case No. 9:23-bk-10061-RC (the "South Bay Bankruptcy"). *See* Related Appeal Doc. No. 9 at 6 citing Doc. No. 10 at AA:004; Doc. No. 11 at 4.

[2] Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. Rule Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of "court filings" as they are "readily verifiable, and therefore, the proper subject of judicial notice").

Bankruptcy Court held a hearing on the dismissal motion and issued an Order granting the motion on May 31, 2024 ("Dismissal Order"). AOB at 7 citing ER at AA:055-63; *see also* ARB at 6. The Appellant timely filed his Notice of Appeal of the Dismissal Order on May 31, 2024. AOB at 4, 7 citing ER at AA:005 (docket entries), AA:064-76.

## IV.
## JURISDICTION

Appellate jurisdiction is proper here under Federal Rules of Bankruptcy Procedure, Rule 8005(a) and under 28 U.S.C. § 158(c)(1). Pursuant to the Federal Rules of Bankruptcy Procedure, Rule 8005(a), election may be made to have an appeal heard by the district court instead of the bankruptcy appellate panel. *See* Fed. R. Bankr. P. 8005(a). Similarly, pursuant to 28 U.S.C. § 158(c)(1), an appellant may elect to have an appeal from a bankruptcy court order heard by the district court. *See* 28 U.S.C. § 158(c)(1).

## V.
## STANDARD OF REVIEW

A bankruptcy court's decision to dismiss a case is reviewed under an abuse of discretion standard. *Sullivan v. Peconic Asset Managers LLC (In re Sullivan),* 522 B.R. 604, 611 (9th Cir. BAP 2014) citing *Leavitt v. Soto (In re Leavitt),* 171 F.3d 1219, 1223 (9th Cir. 1999). The reviewing court applies a two-part test to determine whether the bankruptcy court abused its discretion. *Id.* citing *United States v. Hinkson,* 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc) *cert. denied*, 131 S. Ct. 2096 (2011). First, the court must "consider de novo whether the bankruptcy court applied the correct legal standard to the relief requested." *Id. De novo* review requires the court to "consider a matter anew, as if it has not been heard before, and as if no decision had been rendered previously." *Smith v. Rojas (In re Smith),* 435 B.R. 637, 643 (B.A.P. 9th Cir. 2010). Next, the court will "review the bankruptcy court's fact findings for clear error." *Id.* "'Clear error' is a highly deferential standard of review." *In re Van Dusen*, 654 F.3d 838, 841 (9th Cir. 2011). Accordingly, the bankruptcy court's findings of fact will not be overturned unless the district court has "a definite and firm conviction that the [bankruptcy] court's interpretation was incorrect." *See id.* (ellipses and quotation marks omitted); *see also Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985); *United States v. Hinkson, 585* F.3d 1261–62 (holding that a court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record).

## VI.
## DISCUSSION

### A. <u>Introduction.</u>

The issue on appeal is whether the Bankruptcy Court erred by entering its Dismissal Order and dismissing the underlying bankruptcy case while the Related Appeal was pending. AOB at 4-5, 7.

The Appellant argues that the Bankruptcy Court lacked jurisdiction to dismiss the Chapter 11 case because of the pendency of the Related Appeal. AOB at 7. According to the Appellant, the doctrine of exclusive appellate jurisdiction prevents the Bankruptcy Court from "altering the *status quo* of a matter that is pending on appeal." *Id.* at 8. In addition, the Appellant claims that because dismissing the bankruptcy case "eliminates the ability of this Court to provide effective relief" in the Related Appeal, "dismissal of the underlying bankruptcy case can moot the appeal." *Id.* at 8.

The Appellee argues that the Bankruptcy Court's dismissal of the bankruptcy case was a proper exercise of its discretion, and that dismissal was "well within its jurisdiction and authority" and it was "in the best interests of creditors and the estate." ARB at 7. The Appellee asserts that the Related Appeal is not mooted by the dismissal of the bankruptcy case because that appeal involves the separate issue of the disallowance of the Appellant's claim. *Id.* Further, the Appellee contends, "[t]he invocation of the doctrine of exclusive appellate jurisdiction is misplaced, as this doctrine does not preclude the Bankruptcy Court from managing its own docket, including dismissing a bankruptcy case when reorganization is no longer feasible or necessary." *Id*.

### B. <u>Mootness.</u>

The Appellant asserts that an appeal can become moot by the dismissal of the underlying bankruptcy case. AOB at 8. The Appellee agrees that this can occur in some circumstances and that "certain appeals may lose their relevance after case dismissal." ARB at 10 citing *Center For Biological Diversity v. Lohn,* 511 F.3d 960, 965 (9th Cir. 2007). The Ninth Circuit Bankruptcy Appellate Panel states, "[i]t is debatable whether case dismissal can render moot an appeal from an order allowing or disallowing a claim." *In re Desert Springs Financial, LLC,* 2017 WL 1434403 *4 (9th Cir. BAP 2017).

The determining factor in a mootness analysis is the proximity of the connection between the question at issue and the underlying bankruptcy itself. *See United States v. Pattullo (In re Pattullo),* 271 F.3d 898, 901 (9th Cir. 2001). The Ninth Circuit explains, "[i]n the bankruptcy context the determination of whether a case becomes moot on the dismissal of the bankruptcy hinges on the question of how closely the issue in the case is connected to the underlying bankruptcy." *Id.* at 901 quoting *Spacek v. Thomen (In re Universal Farming Indus.),* 873 F.2d 1334, 1335 (9th Cir. 1989) (citations omitted). Further, "[w]hen the issue being litigated directly involves the debtor's reorganization, the case is mooted by the dismissal of the bankruptcy." *Id.* However, "if the issue is ancillary to the bankruptcy, the dismissal of the petition does not necessarily cause the case to become moot." *Id.; see also Dahlquist v. First Nat'l Bank (In re Dahlquist),* 751 F.2d 295, 298 (8th Cir. 1985) (accord).[3]

The Ninth Circuit discusses mootness in the context of bankruptcy dismissal as follows:

> It is true that if an issue is closely connected to the reorganization process itself, it will be mooted when the proceeding is dismissed. But that is far from saying that all decisions of the bankruptcy court are mooted simply because they touch on the bankruptcy proceeding or were adjudicated in it. Indeed, we have declared that even contentions about priority of claims on bankruptcy property are not mooted by dismissal. *Bevan v. Socal Commc'ns Sites, LLC (In re Bevan)*, 327 F.3d 994, 996 (9th Cir. 2003) citing *In re Universal Farming Indus.,* 873 F.2d 1335.

In the instant case, the Appellee argues that the Related Appeal "involves the disallowance of the Appellant's claim and is distinct from the overall bankruptcy case." ARB at 8. The Court agrees.[4] The issue central to the Related Appeal is

---

[3] For instance, "the Ninth Circuit held that the dismissal of a petition in bankruptcy did not bar an application for compensation for services rendered in connection with the bankruptcy." *In re Universal Farming Indus.,* 873 F.2d at 1335 citing *U.S.A. Motel Corp. v. Danning,* 521 F.2d 117 (9th Cir.1975).

[4] The Court observes that not only can the issue of the disallowance of the Appellant's proof of claim be adjudicated irrespective of the dismissal of the underlying bankruptcy case, but this issue was adjudicated in the Related Appeal decided by this Court on May 5, 2025, in favor of the Appellee.

whether the Bankruptcy Court committed error by disallowing the Appellant's proof of claim. *See* AOB at 9. The proof of claim in the Related Appeal involves $95,184.50 in unpaid legal fees awarded to the Appellant from a prior bankruptcy proceeding.[5] The underlying bankruptcy case, however, pertains to the rights of the creditor, JP Morgan Chase Bank, N.A.'s ("JP Morgan"), to the Debtor's parcel of real property pursuant to a settlement agreement.[6]

The disallowance of the Appellant's claim in the Related Appeal is not central to the determination of JP Morgan's rights to the real property that was the subject of the settlement agreement in the underlying bankruptcy proceeding.[7] In addition, the Appellant's claim for unpaid legal fees awarded in a separate bankruptcy does not "directly involve[] the debtor's reorganization." *In re Pattullo,* 271 F.3d at 901. Because the Appellant's disallowance claim is not closely related to the bankruptcy case, the Court finds that it is ancillary to the case proceedings. *Id.* Accordingly, the dismissal of the underlying bankruptcy case does not moot the Related Appeal. *See In re Universal Farming Indus.,* 873 F.2d at 1335; *see also In re Pattullo,* 271 F.3d at 901. The decision of the Bankruptcy Court to disallow the Appellant's claim is not "mooted simply because [it] touch[ed] on the bankruptcy proceeding or [was] adjudicated in it." *In re Bevan* 327 F.3d at 997.

### C.   Jurisdiction and Judicial Discretion.

The Appellant invokes the doctrine of exclusive appellate jurisdiction to support his contention that the Bankruptcy Court improperly dismissed the underlying bankruptcy case. AOB at 5, 7, 8. According to the Appellant, the Bankruptcy Court "is prevented by the doctrine of exclusive appellate jurisdiction from altering the *status quo* of a matter that is pending on appeal." *Id.* at 8. The

---

[5] In a prior chapter 11 bankruptcy case, Appellant was bankruptcy counsel for debtor World Systems, Inc. ("WSI"), in which Appellee was a secured creditor. *See* Related Appeal Doc. No. 11 at 4-5 citing Doc. No. 10 at AA:319; Bankruptcy Case No. 1:19-bk-10282-MB (the "WSI Bankruptcy"). Notably, WSI was not a party to the bankruptcy case at issue in the Related Appeal. This fact alone suggests that the Related Appeal is collateral to the underlying bankruptcy case.

[6] The Debtor's parcel of real property is located at 27009 Sea Vista Drive, Malibu, California (the "Sea Vista Property" or "Malibu Property").

[7] The Bankruptcy Court found that JP Morgan, the primary creditor, had not been paid by the Debtor, allowing JP Morgan relief from stay to initiate foreclosure proceedings against the Debtor's real estate property and only asset pursuant to the terms of the Settlement Agreement. Dismissal Order, ER at AA:062.

Appellee contends that, "[t]he appellant's reliance on the doctrine of exclusive appellate jurisdiction is misplaced and does not preclude the Bankruptcy Court from managing its own docket, including the dismissal of a bankruptcy case when warranted." ARB at 8.

The principle of exclusive jurisdiction "is a judge-made doctrine that is designed to promote judicial economy and to avoid the confusion and ineptitude resulting when two courts are dealing with the same issue at the same time." *Hill & Sanford, LLP v. Mirzai (In re Mirzai),* 236 B.R. 8, 10 (9th Cir. BAP 1999) citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). "That rule of exclusive appellate jurisdiction is a creature of judicial prudence, however, and is not absolute." *Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955, 956 (9th Cir. 1983) citing *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888,* 536 F.2d 1268, 1276 (9th Cir. 1976); *In re Mirzai,* 236 B.R. at 10. The judicially constructed doctrine of exclusive jurisdiction involves the "power inherent in the court to preserve the status quo where, in its sound discretion, the court deems the circumstances so justify." *McClatchy Newspapers v. Central Valley Typographical Union,* 686 F.2d 731, 734 (9th Cir. 1982) quoting 7 J. Moore, Moore's Federal Practice P 62.05, at 62-19 to 20 (2d ed. 1979).

A bankruptcy court's grant of a voluntary motion for dismissal is reviewed for abuse of discretion. *In re Ditter,* 2001 WL 791733, *1 (9th Cir. 2001) citing *Schroeder v. Int'l Airport Inn P'ship (In re Int'l Airport Inn P'ship),* 517 F.2d 510, 511 (9th Cir. 1975); *Gill v. Hall (In re Hall),* 15 B.R. 913, 917 (9th Cir. BAP 1981). According to 11 U.S.C. § 1112(b)(1), a motion to dismiss or convert a Chapter 11 case requires the bankruptcy court to determine: 1) whether "cause" exists to alter the course of the bankruptcy proceedings via dismissal or conversion; and 2) "which alternative is in the 'best interests of the creditors and the estate.'" *See Marciano v. Chapnick (In re Marciano),* 459 B.R. 27, 48 (9th Cir. BAP 2011) (citations omitted); *see also* 11 U.S.C. § 1112(b)(1). In the context of a bankruptcy dismissal, "[t]he bankruptcy court has broad discretion in determining what constitutes 'cause' under section 1112(b)." *Sullivan v. Peconic Asset Managers LLC (In re Sullivan),* 522 B.R. 604, 614 (9th Cir. BAP 2014) citing *Chu v. Syntron Bioresearch, Inc. (In re Chu),* 253 B.R. 92, 95 (S.D. Cal. 2000).

Here, the Bankruptcy Court found cause to dismiss the bankruptcy case after careful consideration of the status and objectives of the underlying bankruptcy. *See* Dismissal Order, ER at AA:056-063. This finding was made after review of the intent of the settlement agreement approved by the Bankruptcy Court and concluding "dismissal to be in the best interest of creditors of the Debtor and the

Debtor's bankruptcy estate."[8] *Id.* at AA:062. Further, the Bankruptcy Court observed, "the Debtor has been in Chapter 11 for more than a year, and without proposing a plan." *Id.* The Bankruptcy Court explained, "no creditor of the Debtor with an allowed claim has opposed the [Dismissal] Motion. Mr. Landau is the sole objector, whose claim the Court has disallowed, and which claim, even if allowed, would comprise a fraction of 1% of currently allowed claims." *Id.* Lastly, the Bankruptcy Court concluded that, "[t]here is nothing more that the Debtor can accomplish in Chapter 11." *Id.*

In light of this comprehensive review coupled with the broad discretion afforded the Bankruptcy Court, the Court finds that the Bankruptcy Court did not abuse its discretion in dismissing the underlying bankruptcy case nor was its decision clearly erroneous. *In re Sullivan,* 522 B.R. at 611; *In re Van Dusen,* 654 F.3d at 841. Further, considering that "[t]he rule of exclusive appellate jurisdiction is not … absolute" and is "a judge-made doctrine" predicated on inherent discretionary authority, the Court finds that the Bankruptcy Court did not violate this doctrine in dismissing the Related Appeal. *Masalosalo,* 718 F.2d at 956; *In re Mirzai,* 236 B.R. at 10; *McClatchy Newspapers,* 686 F.2d at 734.

## VII.
## CONCLUSION

In accordance with the foregoing, the Court **AFFIRMS** the Bankruptcy Court's Dismissal Order dismissing the bankruptcy case.

**IT IS SO ORDERED**.

**cc: Bankruptcy Court**

---

[8] The Bankruptcy Court concluded, "[t]he Debtor has no assets other than the Property, and the Property is subject to JP Morgan's foreclosure rights under the settlement agreement with the Debtor." *Id.* The Bankruptcy Court further found that the Debtor had no income, $111 in total cash, and the apparent lack of the ability to reorganize. *Id.*